UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Christian W. Ackerman, | ) | |
|         Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 08-mc-1029 |
| | ) | |
| The Goodyear Tire & Rubber Co., | ) | |
|         Defendant | ) | |

**ORDER**

Now before the Court is a motion to quash a subpoena for deposition of Caterpillar Inc. The subpoena was issued by Plaintiff on April 18, 2008. It directs Caterpillar to produce corporate witnesses on nine different subjects and to produce certain delineated documents at those depositions, which were set for April 28..

Caterpillar was served with the Subpoena on April 22, 2008. Caterpillar filed the instant motion to quash on April 28, 2008. Upon filing of the motion, this Court directed that "Plaintiff shall and defendant may" file a response by May 13. No response was filed. Accordingly, there is a presumption that no party opposes the motion, and this ruling is issued without further notice to the parties. See Local Rule CDIL 7.1.

The date specified on the subpoena for the depositions is April 28, 2008, less than 2 weeks after it was issued and less than one week after Caterpillar was served. Given the enormous amount of information that Caterpillar was directed to amass and prepare, that brief period of time is inherently inconsistent with a party's obligations under Fed.R.Civ.P. 45 to take reasonable steps to avoid imposing undue burdens on subpoenaed persons.

Moreover, the enumerated topics are so broad, both temporally and substantively, as to be wholly unhelpful. Several of the requests would appear to require Caterpillar (a non-party to this litigation) to conduct at least some amount of market research in order to properly respond. Such burdens of time and expense on an entity that is not a party to this litigation are not permitted by the Federal Rules that govern discovery.

For those reasons alone, I find that the subpoena was improper. The motion to quash is granted. Should plaintiff re-issue a subpoena to Caterpillar in the future, the matters discussed in this Order and the problems identified in Caterpillar's unopposed motion shall be taken into consideration.

ENTERED ON May 22, 2008

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE